UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAKEEM HODGE,

        Plaintiff,

-against-

CITY OF NEW YORK D.O.C.; REED SHIELD #1373,

        Defendants.

24-CV-5737 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his rights.[1] By order dated October 17, 2024, the Court granted Plaintiff leave to amend his complaint to address deficiencies in his original complaint. The Court received Plaintiff's amended complaint on December 16, 2024, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND

    In the original complaint, Plaintiff named Rikers Island as the sole Defendant. He alleged that on January 10, 2015, "many inmates" and correction officers in his housing area on Rikers assaulted him and caused him severe injuries, for which he sought money damages. (ECF 1 ¶ 5.)

    By order dated October 17, 2024, the Court granted Plaintiff leave to file an amended complaint to address the following deficiencies in the original complaint: (1) Rikers Island is not a suable entity; (2) to the extent that Plaintiff sought to sue the City of New York, the complaint did not assert facts supporting a municipal liability claim under 42 U.S.C. § 1983; and

---

[1] Plaintiff was detained on Rikers Island when he filed this complaint, but he has since been released from custody.

(3) because the complaint did not provide facts suggesting that the three-year statute of limitations applicable to Section 1983 claims should be equitably tolled, Plaintiff's claims, regarding events occurring in 2015, were untimely. (ECF 8.)

In the amended complaint, Plaintiff names as Defendants "City Of New York D.O.C." ("D.O.C.")[2] and Correction Officer Reed Shield # 1373. He realleges that, on January 10, 2015, multiple Rikers Island detainees and correction officers assaulted him and seriously injured him. Plaintiff identifies three of the detainees by name in the amended complaint, and he further claims that Correction Officer Reed, who is named as a defendant, was present and participated in the assault. (ECF 10.)

## DISCUSSION

**A.    Claims against D.O.C.**

Plaintiff's claims against D.O.C. must be dismissed because, an agency of the City of New York, such as D.O.C. is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Plaintiff's claims against D.O.C. are therefore dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] The Court understands "D.O.C." to be the New York City Department of Correction.

B.   **Previously asserted claims**

   1.   **Claims against the City of New York**

To the extent that Plaintiff is attempting to assert claims against the City of New York, the amended complaint does not remedy the deficiencies of the original complaint. As set forth in the October 17, 2024 order (ECF 8), to state a municipal liability claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that a municipal policy, custom, or practice caused a violation of his constitutional rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation."(quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). The amended complaint does not contain facts giving rise to that inference. The Court must therefore dismiss Plaintiff's claims under Section 1983 against the City of New York for failure to state a claim on which relief may be granted. § 1915(e)(2)(B)(ii).

   2.   **Timeliness of Section 1983 claims**

The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Here, Plaintiff's original complaint, filed on July 20, 2024, seeks relief in connection with an assault that occurred on January 10, 2015. In the order to amend, the Court invited Plaintiff to provide any facts suggesting that the limitations period should be equitably tolled.

3

(ECF 8.) The amended complaint, however, does not provide any such facts. (ECF 10.) The Court thus also dismisses Plaintiff's claims under Section 1983 as untimely, and for failure to state a claim on which relief may be granted. § 1915(e)(2)(B)(ii).

**C.   Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed Plaintiff's federal claims, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.   Further leave to amend denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies, under 28 U.S.C. § 1915(a)(3), that

any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:   July 7, 2025
         New York, New York

                                                           /s/ Laura Taylor Swain
                                                           LAURA TAYLOR SWAIN
                                          Chief United States District Judge